IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES L. MCMULLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-996-SLR |
| | ) |
| GERILYNN REMENTER and | ) |
| JERRY REMENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 24th day of October, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), for the reasons that follow:

1. **Background.** Plaintiff James L. McMullin ("plaintiff"), an inmate at the Sussex Correctional Institution, Georgetown, Delaware, filed this complaint pursuant to 42 U.S.C. § 1983.[1] He proceeds pro se and has been granted leave to proceed without prepayment of fees.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

(prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

2

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

6. **Discussion**. Plaintiff alleges that, upon his incarceration, his ex-girlfriend, defendant Gerilynn Rementer ("Rementer"), took all of his belongings, as well as his son's dirt bike and clothing. Rementer was later arrested for stealing some, but not all, of plaintiff's belongings. Plaintiff seeks return of the items taken. Rementer's father, Jerry Rementer ("J. Rementer"), is named as a defendant because Rementer resides with him.

7. **State actors**. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law," a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The Rementers are private individuals, one of whom confiscated plaintiff's property. Quite simply, these defendants are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

8. The § 1983 claims against Rementer and J. Rementer have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). A remedy for plaintiff may lie in State court.

4

9. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint is futile. The clerk of court is directed to close the case.

                                                                                                 _/s/_____
                                                                                                 UNITED STATES DISTRICT JUDGE